AYRES, Judge.
This is an action upon an open account to recover unpaid premiums on an insurance policy issued by the plaintiffs, The Travelers Insurance Company and The Travelers Indemnity Company, covering the compre *643 hensive liability of the defendants, Acme General Contractors, Inc., and Acme Well-Point Corporation. Judgment was sought against the defendants, in solido, whereas the defendants contend that the obligation was several. The trial court held that the obligation was several and awarded plaintiffs judgment against the defendant, Acme General Contractors, Inc., for $2,206.86, and against the defendant, Acme Wellpoint Corporation, for $349.86. From this judgment, plaintiffs appealed.
For resolution are the contrary contentions of the parties as to whether defendants’ obligation is several or in solido.
Where there is more than one obligor or obligee named in a contract, the obligation created may be either several or joint or in solido, both as regards the obligor and the obligee. LSA-C.C. Art. 2077.
As to an obligor,
“Several obligations are produced, when what is promised by one of the obligors, is not promised by the other, but each one promises separately for himself to do a distinct act; such obligations, although they may be contained in the same contract, are considered as much individual and distinct as if they had been in different contracts, and made at different times.” LSA-C. C. Art. 2078.
Under the rules governing several obligations, it is provided that, although such obligations may be created by one act, they have no other effect than the same obligations would have had if made by separate contracts. LSA-C.C. Art. 2084.
The contract of insurance concerned in this action is several as to both obligors and obligees. For instance, in the insuring clause, it is recited that the insurers “Severally Agree with the insured’’ with respect to separate and distinct coverages contracted by each. In the declarations of the policy, both defendants are designated as the “Named Insured.” The policy, with reference to “Severability of Interests,” contains this provision:
“The term ‘the insured’ is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company’s liability.” (Emphasis supplied.)
Under this contractual provision each of the insureds owes premiums predicated upon its own operations. The audits made by plaintiffs and defendants evidence the separate or “several” liability of each of the defendants. The actual computation of the indebtedness in the separate records of the defendants also evidences that the total of the two obligations is divisible.
Moreover, the record establishes that the purpose of insuring the two defendants in one policy was not to make each liable for the premiums of the other, in addition to its own, but to afford each of the insureds reduced rates. No serious objection was made to the audits of the books, accounts, and records of the defendants separately, except as to its relevancy.
The stipulation filed in the record recites that the total earned premium for which each defendant would be liable, in the event the liability is held to be several, is, for Acme General Contractors, Inc., $3,798.37, and, for Acme Wellpoint Corporation, $522.95. These amounts are subject to certain credits — $1,418.42 paid by Acme General Contractors, Inc., at the time of the issuance of the policy, and a further credit of $346.17 as to the payment of which the record is silent. Under this circumstance, the trial court divided the credit between the two defendants. By thus applying the credits, the obligation of each of the defendants was found to be in the sum for which judgment was rendered. No objection was made to the allowance of these credits.
For the reasons assigned, the judgment appealed is affirmed at plaintiffs-appellants’ cost.
Affirmed.